Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 05 C 50009 | **DATE** | 5/24/2006 |
| **CASE TITLE** | Ferus vs. USA and DHHS, et al | | |

**DOCKET ENTRY TEXT:**

For the reasons stated on the attached Memorandum Opinion and Order, Plaintiff's April 20, 2006 Motion to Compel is denied.

■ [ For further detail see separate order(s).]

Notices mailed by Judicial staff.

FILED

MAY 2 4 2006

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

| | Courtroom Deputy Initials: | AM |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LESLIE FERUS, as Special Administrator of the Estate of NANCY RICCIARDI, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 05C 50009 ) |
| THE UNITED STATES OF AMERICA and the DEPARTMENT OF HEALTH AND HUMAN SERVICES; SWEDISH AMERICAN HOSPITAL, an Illinois not-for-profit corporation; DAVID THOMPSON, D.O.; and ROBIN BORCHARDT, M.D., | ) Magistrate Judge ) P. Michael Mahoney ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff's Motion to Compel. For the reasons stated below, Plaintiff's Motion is denied.

### I. History

The Motion to Compel before the court seeks an order directing Defendant Swedish American Hospital to fully respond to Plaintiff's Production Request No. 16, served on or about April 22, 2005. Production Request No. 16 seeks:

> Copies of all advertising media, including print, television, newspaper, radio or other media, promoting or advertising cardiac services provided at Swedish American Hospital published or during 2003 and 2004.

Pl.'s Mot., at Ex. B, para. 16. The Request contains a typographical error; Plaintiff actually seeks

1

advertising aired during 2002 and 2003. Swedish American's Response to the Production Request was, and remains, that the Request is vague, overly broad, and unduly burdensome. *Id.*

Plaintiff's complaint against Swedish American Hospital seeks to hold the Defendant hospital liable for Plaintiff's alleged wrongful death under a theory of vicarious liability for the actions of its alleged actual or apparent agents, Drs. Thompson and Borchardt. Swedish American Hospital denies any such employment or agency relationship with Drs. Thompson and Borchardt. In order to show that Drs. Thompson and Borchardt were held out as agents or employees of Swedish American Hospital, Plaintiff moves to compel the advertising materials described above in Request No. 16. Plaintiff also asserts that her Request is relevant to the applicable standard of care, which she contends can be affected by a hospital's representation that it has unusual qualities or specialties.

Swedish American Hospital asserts that Plaintiff's Request is not reasonable calculated to lead to discoverable evidence because Plaintiff cannot show reliance upon any advertising, especially given the fact that Plaintiff is deceased. Second, Swedish American Hospital notes that the applicable standard of care in medical malpractice cases in Illinois is not raised by a holding out of unusual qualities or specialties, so production of advertising material could not lead to the discovery of material relevant to Plaintiff's case.

**II. Analysis**

The court looks to Fed. R. Civ. P. 26 and 37 to decide whether discovery should be allowed. Generally, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible

2

evidence. Fed. R. Civ. P. 26(b)(1). Even so, the court does have authority to limit discovery that is unreasonably cumulative or unduly burdensome or expensive. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681-82 (7th Cir. 2002)(stating that the court should weigh the value of the material sought against the burden of providing it). Under Rule 26(c), it is clear that "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (1) that the disclosure or discovery not be had; (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; [and/or] (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters . . ." Fed. R. Civ. P. 26(c). In deciding whether good cause exists, the court must balance the interests of the parties, taking into account the likelihood of the request leading to the discovery of relevant materials and the burden of production. *Bell v. Woodward Governor Co.*, 2005 WL 3299179, at *2 (N.D. Ill. Aug. 31, 2005).

In this case, the court finds that the probability of Plaintiff finding relevant material from Defendant's production of advertising materials is ultimately outweighed by Swedish American Hospital's burden of production.

The relevancy of the requested advertising materials to the pending lawsuit is limited. Plaintiff does not allege reliance on any advertising materials of Swedish American Hospital. In Illinois, "apparent agency gives rise to tort liability where the injury would not have occurred but for the injured party's justifiable reliance on the apparent agency." *Rice v. Panchal*, 65 F.3d 637,

645 (7th Cir. 1995). Likewise, without some form of alleged reliance, the court does not see how advertising could raise the standard of care, which is generally defined in Illinois as the reasonable skill that health care providers in the community ordinarily use and employ under similar circumstance. *Taber v. Riordan*, 83 Ill.App.3d 900, 904 (2nd Dist. 1980).

The likelihood of Plaintiff finding relevant material has also been curtailed by Swedish American Hospital's Vice President of Marketing and Communications, Thomas Meyers. Def.'s Resp., at Ex. A, at para. 1. Mr. Myers' affidavit indicates that Drs. Thompson and Borchardt have never been mentioned in any advertising of cardiac services for Swedish American Hospital. Def.'s Resp., at Ex. A, para. 2.

In contrast, Swedish American Hospital has established a high burden of production. Accepting the statements contained in the Affidavit of Meyers, Defendant has established that there is no "central depository location or office where all advertising materials are routinely retained." *Id.* at para. 3. Further, in order to acquire copies of all advertising media, Myers notes that Swedish American Hospital would have to contact non-party advertisers, on the hospitals time and expense, to determine whether they have retained such materials. *Id.* at para. 4. As the scale tips in favor of the Defendant, the court denies Plaintiff's Motion to Compel.

### III. Conclusion

For the reasons stated above, Plaintiff's April 20, 2006 Motion to Compel is denied.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 5/24/06

4